UNITED STATES ISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| EMI EQUITY MORTGAGE, INC., **Appellant,** v. WILFREDO VALDÉS-MORALES, **Appellee.** | Civil No. 17-2283 (FAB) |

OPINION AND ORDER

BESOSA, District Judge.

Appellant EMI Equity Mortgage, Inc. ("EMI Equity") appeals the United States Bankruptcy Court for the District of Puerto Rico ("bankruptcy court")'s order granting appellee Wilfredo Valdés-Morales ("Valdés")'s motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). (Docket No. 8.) For the reasons set forth below, EMI Equity's appeal is **DISMISSED WITHOUT PREJUDICE**, and this case is **REMANDED** for proceedings consistent with this Opinion and Order.

I. Background

This appeal concerns the nature of EMI Equity's interest in a property belonging to Valdés' bankruptcy estate. According to Valdés, in 2009 he signed a mortgage note for $117,082.00 "in favor of (then) lender AAA Concordia Mortgage Corporation." (Docket

No. 55 at p. 3.)[1]  Two years later, Valdés filed a bankruptcy petition pursuant to Chapter 13 of the Bankruptcy Code.  11 U.S.C. § 1301 *et seq.*  (Docket No. 1 at p. 3.)  Valdés named EMI Equity as his mortgage lender.  Id.[2]  Subsequently, EMI Equity submitted a secured claim against Valdés for $111,678.93.  Id.  For fifty-three months, Valdés paid $719.02 to EMI Equity "in the guise of mortgage installments."  Id. at p. 4.  In sum, EMI Equity collected $38,108.06 in post-petition payments from Valdés.  Id.

Valdés accumulated three post-petition arrears on the mortgage note, prompting EMI Equity to seek dismissal of the Chapter 13 proceeding.  Id. at p. 3.  In the course of discovery, Valdés learned that "the presentation of [EMI Equity's] mortgage note was not notified and that the same had expired, whereby [EMI Equity's] debenture should be treated as a general unsecured claim."  Id.  Valdés commenced an adversary proceeding against EMI Equity, requesting that the bankruptcy court:  (1) invalidate EMI Equity's interest in Valdés' property, (2) declare that EMI Equity's interests are "completely unsecured," (3) award Valdés $100,000.00 in damages for emotional pain and suffering, (4) award

---

[1] Citations to pleadings filed in the bankruptcy court refer to Case No. 11-4694.

[2] The record transmitted from the bankruptcy court contains no evidence that AAA Concordia Corporation assigned the mortgage note to EMI Equity.  Indeed, the promissory note pertaining to the property is absent from the record.

Valdés $20,000.00 for legal costs and fees, (5) award Valdés $100,000.00 in punitive damages, and (6) grant Valdés "any other remedy which is just and equitable." Id. at pp. 4—5.

Valdés moved for summary judgment, requesting that EMI Equity return the $38,108.06 in past mortgage payments in addition to the remedies requested in the complaint. (Docket No. 55 at pp. 12—13.)[3] Valdés argued that because EMI Equity possessed an unsecured interest in the mortgaged property, "EMI's acceptance of direct post-petition payments from [Valdés] constitutes a violation of the automatic stay of section 362." Id. at p. 8. The bankruptcy court granted summary judgment, holding that:

> Plaintiff's deed of sale and Defendant's mortgage was never recorded. As such, amended claim number 8-3 filed by Defendant in the related legal case 11-04694, is unsecured and the court declares Defendant's lien over the Debtor's residence is null and void. Defendant shall further deliver the mortgage note subscribed by Plaintiff to him forthwith.

(Docket No. 77 at p. 3.)[4] The bankruptcy court also set an evidentiary hearing to "consider the monetary damages requested by Plaintiff for Defendant's willful violation of the automatic stay." Id. at p. 4. Before the bankruptcy court held the evidentiary hearing, however, EMI Equity filed a notice of appeal.

---

[3] Because EMI Equity filed an untimely response, the bankruptcy court considered Valdés' motion for summary judgment unopposed. (Docket No. 68.)

[4] A lien is a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37).

(Docket No. 83.)  EMI Equity contends that the bankruptcy court's holding is erroneous because "there is no showing of willfulness, an essential element of [an automatic stay violation]."  (Docket No. 8 at p. 24.)  The Court reserves judgment regarding EMI's purported violation of the automatic stay because the bankruptcy court granted summary judgment on an incomplete record and issued an ambiguous order.

## II. Jurisdiction

This Court has jurisdiction over EMI Equity's appeal pursuant to 28 U.S.C. § 158(a).  On appeal, this Court may affirm, modify, or reverse a bankruptcy court's judgment, or remand with instructions for further proceedings.  Fed. R. Bankr. P. 8013; see, e.g., HSBC Bank USA v. Bank of N.Y. Mellon Tr. Co., 646 F.3d 90, 94 (1st Cir. 2011) ("Finding the phrase ambiguous, we remanded to the bankruptcy court to conduct a 'contextual examination of the parties' intent, taking full account of the surrounding facts and circumstances'.")  (citation omitted).

## III. Discussion

The Court remands this appeal for two reasons.  First, the factual basis underlying the bankruptcy court's disposition is incomplete.  Second, the summary judgment order is ambiguous. Further analysis pursuant to Puerto Rico law is required to determine whether EMI Equity possesses a secured interest in the

mortgaged property, and whether EMI Equity violated the automatic stay pursuant to 11 U.S.C. § 362 ("section 362").

### A. Summary Judgment is Inappropriate Because Valdés Failed to Submit a Statement of Uncontested Material Facts

Valdés moved for summary judgment without submitting a statement of uncontested material facts. (Docket No. 55.) Federal Rule of Bankruptcy Procedure 7056 states that Federal Rule of Civil Procedure 56 ("Rule 56") "applies in adversary proceedings." Fed. R. Bankr. P. 7056. Pursuant to Rule 56, the "Court shall grant summary judgment if the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Local Rule 56 governs the factual assertions made by both parties in the context of summary judgment. Loc. R. 56; Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). This Court need not "ferret through the record to discern whether any material fact is genuinely in dispute." CMI Capital Market Inv. v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008). The movant must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. R. 56(b).

Courts "disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment." Loc. Rule 56(e). Facts that are properly

supported "shall be deemed admitted unless properly controverted," Loc. R. 56(e); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130 (1st Cir. 2010). The First Circuit Court of Appeals has repeatedly "emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]," which "are designed to function as a means of 'focusing a district court's attention on what is—and what is not—genuinely controverted'." Hernández, 486 F.3d at 7 (internal citation omitted).

In his motion for summary judgment, Valdés relies on facts set forth in "the record of debtor's chapter 13 case no. 11-04694B and/or are admitted by [EMI Equity] in its answer to the Complaint and/or its response to plaintiff's request for discovery." (Docket No. 55 at pp. 2—3.) Valdés' cursory reference to facts asserted throughout the record is insufficient pursuant to Local Rule 56 and inhibits this Court from adjudicating EMI Equity's appeal. See RG Primer Bank v. Alvarado, 463 B.R. 200, 212 (D.P.R. 2011) (Domínguez, J.) (remanding bankruptcy appeal because "the record is incomplete and restricts the Court's appellate review of the appealed order"). As the proponent of summary judgment, Valdés must present a statement of uncontested material facts with citations to supporting exhibits. Loc. R. 56; see Mercado-Reyes v. City of Angels, 295 F. Supp. 3d 74, 77 (D.P.R. 2018) (Besosa, J.) (denying summary judgment motion because "both

parties fail[ed] to follow Local Rule 56" regarding the requisite statement of uncontested material facts). Accordingly, Valdés must attach a statement of uncontested material facts before the bankruptcy court may address the merits of his summary judgment motion.

**B.   The Summary Judgment Opinion and Order is Ambiguous**

EMI Equity challenges the bankruptcy court's conclusion that it violated the automatic stay. (Docket No. 8.)[5] This conclusion cannot stand, however, without first establishing that the automatic stay is indeed applicable. Because Valdés filed a bankruptcy petition, the automatic stay is applicable subject to enumerated exceptions in section 362. See Montalvo v. Autoridad de Acueductos y Alcantarillados, 537 B.R. 128, 140 (Bankr. D.P.R. 2015) (Lamoutte, J.) (holding that the automatic stay becomes operative upon the filing of a bankruptcy petition, and "is extremely broad in scope," applying "to almost any type of formal or informal action taken against the debtor") (citation omitted). Section 362 stays the "the commencement or continuation . . . of a judicial, administrative, or other action against the debtor that was or could have been commenced before" the bankruptcy

---

[5] Pursuant to section 362(k), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages including costs and attorneys' fees and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

petition. 11 U.S.C. § 362(a). The "automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a 'breathing spell' from creditors and stops all collection efforts, all harassment, and all foreclosure actions." González v. P.R. Treasury Dep't, 532 B.R. 1, 5 (Bankr. D.P.R. 2015) (Lamoutte, J.) (citation omitted). Exceptions to the automatic stay, however, permit the continuation of litigation despite the filing of a bankruptcy petition.

### 1. "Acts to Perfect" Pursuant to Section 362(b)(3)

The dispositive inquiry for purposes of Valdés' summary judgment is whether EMI Equity's unrecorded mortgage deed constitutes an interest in property within the meaning of section 362(b)(3). Section 362(b)(3) sets forth an exception to the automatic stay pertaining to "any act to perfect." 11 U.S.C. § 362(b)(3).[6] EMI Equity must satisfy three requirements to qualify for the section 362(b)(3) exception: "there must be (1) an 'act to perfect' (2) an 'interest in property' (3) under

---

[6] Following a Chapter 13 petition, the United States assigns the debtor a trustee to perform several duties, such as "advis[ing], other than on legal matters, and assit[ing] the debtor in performance under the plan." 11 U.S.C. § 1302. The Bankruptcy Code instills in trustees "avoidance powers," allowing trustees "to recover property for the estate, set aside certain liens, avoid certain transfers, and reject or assume executory contracts and unexpired leases." Carrión v. USDA Rural Hous. Serv., No. 10-10792, 2012 Bankr. LEXIS 2720, *16 (Bankr. D.P.R. Jun. 13, 2012) (Lamoutte, J.) (citation omitted). Trustees possess "the powers of a bona fide purchaser of real property for value," and may "invalidate unperfected security interests." DeGiancomo v. Traverse, 753 F.3d 19, 26 (1st Cir. 2014) (citing 11 U.S.C. § 544).

circumstances in which the perfection-authorizing statute fits within the contours of section 546(b)(1)(A)." 229 Main St. Ltd. v. Mass. EPA, 262 F.3d 1, 4 (1st Cir. 2001). Section 546(b) of the Bankruptcy Code provides that the:

> rights and powers of the trustee are subject to any generally applicable law that—
>
> (A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or
>
> (B) provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.

11 U.S.C. § 546(b)(1)(A). Congress intended to "protect, in spite of the surprise intervention of a bankruptcy petition, those whom State law protects by allowing them to perfect their liens as of an effective date that is earlier than the date of perfection." Tosado v. Banco Popular de P.R., 420 B.R. 57, 68 (Bankr. D.P.R. 2009) (Lamoutte, J.) (citation omitted).

The relevant property interest "must arise and exist pre-petition" to qualify for the automatic stay exception set forth in section 362(b)(3). Hernández v. Banco Popular de P.R. Popular Mortg., Inc., No. 15-2109, 2016 Bankr. LEXIS 873, at *7 (Bankr. D.P.R. Mar. 18, 2016) (Tester, J.). A property interest is subject to the automatic stay pursuant to "generally

applicable law." 11 U.S.C. § 546(b)(1)(A). Accordingly, Puerto Rico law governs the Court's analysis. See Hernández, 2016 Bankr. LEXIS 873, at *13 (applying Puerto Rico law in analyzing "whether a filed but unrecorded mortgage deed can be treated as a secured claim in a bankruptcy proceeding").

A creditor in possession of a perfected interest in property, or an interest capable of perfection, may circumvent the automatic stay. Puerto Rico law establishes that "it is indispensable, in order that [a] mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property." P.R. Laws Ann. tit. 31, § 5042. Pursuant to Puerto Rico law, an unrecorded mortgage is a "nullity." Carrión, 2012 Bankr. LEXIS 2720, at *8 (quoting In re Las Colinas, Inc., 426 F.2d 1005, 1016 (1st Cir. 1970)). The First Circuit Court of Appeals, however, has held that "the term 'interest in property' as used in section 362(b) is broader than the term 'lien'." 229 Main St. Ltd., 262 F.3d at 6 (holding that that "statutory lien that the Commonwealth wishes to record meets the combined requirements of section 362(b)(3) and 546(b)(1)(A) and therefore falls within the exception to the automatic stay"); see Ramos v. Banco Popular de P.R., 493 B.R. 355, 364 (Bankr. D.P.R. 2013) (Cabán, J.) (holding that "a party may have an interest in the property that is not necessarily tantamount to a lien" pursuant

to section 362(b)(3)).  An unrecorded mortgage deed arising from a prepetition transfer may constitute an "interest in property" pursuant to section 362(b)(3).  See Hernández, 2016 Bankr. LEXIS 873, at *18 (applying the section 362(b)(3) exception and rejecting plaintiff's contention that "due to the lack of recordation of the Deeds, Defendant does not hold a perfected lien against its Property").

The First Circuit Court of Appeals decision in Soto-Ríos v. Banco Popular de P.R. is illustrative.  662 F.3d 112 (1st Cir. 2011).  The debtors in Soto-Ríos executed mortgage deeds in favor of Banco Popular de Puerto Rico ("Banco Popular").  Id. at 114.  Subsequently, Banco Popular presented the mortgage deeds to the Puerto Rico Property Registrar ("registrar").  Id.  Because of "an administrative backlog, however, the three presented mortgage deeds were still pending to be recorded when the debtors

filed for bankruptcy nearly three years later." Id.[7] The debtors requested application of the automatic stay, arguing that Banco Popular possessed "no more than unsecured personal obligations." Id. at 118. The First Circuit Court of Appeals rejected the debtors' arguments, citing the "relation back provision establishing the moment of presentation as the priority marker." Id. at 121 (citing P.R. Laws Ann. tit. 30, § 2256; Gasolinas de P.R. v. Keeler-Vázquez, 155 D.P.R. 652, 675 (2001) ("Presentment's purpose is to acknowledge, in a precise manner, the exact point or time of such filing, inasmuch as same guarantees the filing party his turn, according to order of arrival") (internal punctuation omitted)). Because Banco Popular presented the mortgage deeds to the registrar before the debtors filed their bankruptcy petition, Banco Popular possessed a pre-petition interest pursuant to

---

[7] In Puerto Rico, "the process of inscription begins when the mortgage deed is presented and recorded in the daily book of presentations kept by the Registrar." Tosado, 420 B.R. at 70. Puerto Rico law mandates that mortgage deeds "shall be registered within sixty (60) days following their presentation, or after correcting any errors that may have been indicated, or after filing the requalification writ, except for just cause that is duly justified and admitted by the Director." P.R. Laws Ann. tit. 30, § 2255. Delays attributed to "just cause" are the norm, however, resulting in a "three to five year[] elapse between the date of presentation and the date the Property Registrar qualifies the pertinent documentation." Tosado, 420 B.R. at 70. Indeed, in 2010 the Puerto Rico legislature promulgated the "Act to Streamline the Property Registry," proclaiming that "[a]ny document presented in the Property Registry by April 30, 2010, shall be deemed to be recorded" subject to nine exceptions *i.e.* documents concerning eminent domain. Laws P.R. Ann. tit. 30, § 1821. EMI Equity acquired the mortgage note from Valdés in 2009. (Docket No. 55 at p. 3.) The bankruptcy court does not address whether the Act to Streamline the Property Registry is applicable in this matter. (Docket No. 77.)

section 362(b)(3). <u>Id.</u> at 123. Accordingly, Banco Popular circumvented the automatic stay. <u>Id.</u>[8]

The summary judgment order granting Valdés' Rule 56 motion is ambiguous. The bankruptcy court held that "Plaintiff's deed of sale and Defendant's mortgage was never recorded." (Docket No. 77 at p. 3.) The pertinent date, however, is the date of presentment, not the date of recordation. <u>See</u> <u>Soto-Ríos</u>, 662 F.3d at 122 (emphasizing that "[p]resentment, as the decisive act for securing rank, provided notice to the public, including any bona fide purchaser, of the parties' mortgage transaction and the acts to preserve priority"). Moreover, the bankruptcy court concluded that EMI Equity possesses an unsecured property interest without addressing the $38,108.06 in post-petition payments. <u>Id.</u> This Court cannot evaluate the propriety of summary judgment without a more thorough analysis of EMI Equity's property interest pursuant to the Bankruptcy Code and Puerto Rico law.

## IV. Conclusion

For the reasons set forth above, the bankruptcy court's decision granting summary judgment is **REMANDED** for proceedings

---

[8] In <u>Ramos</u>, the mortgagee faxed the deed to the registrar but failed to "physically deliver the documents" in contravention of Puerto Rico mortgage law. 493 B.R. at 366 (citing P.R. Laws Ann. tit. 30, § 2154). Consequently, the mortgagee held an unsecured property interest. <u>Id.</u> The bankruptcy court held that the section 362(b)(3) exception to the automatic stay was inapplicable. <u>Id.</u> at 368.

consistent with this Opinion and Order.  EMI Equity's appeal is **DISMISSED WITHOUT PREJUDICE**.  (Docket No. 8.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 13, 2018.

                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE